[Crim. No. 6292.   Second Dist., Div. Three.   July 30, 1958.]

In re EDWARD S. SZUBERT, on Habeas Corpus.

*Assigned by Chairman of Judicial Council.

Morris N. Karch for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and William E. Lamoreaux, Assistant County Counsel, for Respondent.

SHINN, P. J.—The petition for habeas corpus upon which we issued a writ shows that petitioner is under a sentence of five days in jail for contempt of court. The charged offense consisted of the violation of a preliminary injunction which restrained petitioner from removing from real property that was in litigation any buildings that were permanently affixed to the realty. The petition alleges the issuance of the temporary injunction, that it was served upon him and that thereafter he removed some chicken houses, which he claimed were not attached to the soil, and which were under chattel mortgage to the Federal Housing Administration. As we shall see, the court found that he had removed permanent fixtures.

The injunction should have identified the buildings that must remain on the ground in order to retain the status quo. Petitioner was claiming no right to remove buildings that were permanently affixed, and no claim was made by the plaintiff that petitioner could not remove buildings that were personalty. Restraining the removal of any buildings that belonged to the realty, without describing them, fell far short of reaching the desired objective of the restraint. When petitioner, presumably upon the advice of his attorney and in good faith removed buildings, he forced a decision as to the nature of the buildings in advance of a trial when all claim-

ants, including the Federal Housing Administration, would be before the court and the issue would be properly presented.

■ In order that petitioner's guilt be established it was necessary that the court should determine that the buildings belonged to the realty. Petitioner alleged in his petition, and now contends, that the court did not decide that question of fact. He has furnished us with a partial report of the oral proceedings, exclusive of the evidence. The return contains copies of the minute order of May 2, 1958, which states in part: "Buildings found to be real property. Defendant found in contempt." Thereafter continuances were had to May 12th and 23d. Petitioner was given an opportunity to purge himself of contempt. On May 12th he was sentenced to five days in jail but a stay was granted and the matter was continued to May 23d. Petitioner not having purged himself of contempt the court ordered that the sentence be carried out. The minutes show "The court finds, for the purposes of this hearing, that buildings removed were fixtures." Petitioner contends that this was not a sufficient finding as to the status of the buildings, and he calls attention to the remarks of the trial judge to the effect that he was not determining the question of title to the fixtures and that that question would have to be decided in another proceeding.

The finding that the buildings were fixtures "for the purpose of this proceeding" was sufficient. The orders as entered in the minutes were controlling. The remarks alluded to show only that the court did not undertake to determine all the claims upon the property, but decided only that upon the evidence adduced at the hearings removal of the buildings constituted a violation of the injunction. ■ Petitioner alleges that the buildings rested upon concrete blocks and were not affixed to the land. The evidence adduced at the hearings is not before us. We must assume that it was sufficient to support the finding that the buildings were affixed to the land. Petitioner advances no other contention.

Without the evidence before us we can do nothing but uphold the judgment and sentence.

The writ is discharged and the petitioner is remanded.

Patrosso, J. pro tem.,* concurred.

Wood (Parker), J., dissented.

_____

*Assigned by Chairman of Judicial Council.